DAYLE ELIESON
United States Attorney
ELHAM ROOHANI
Nevada Bar #12080
CHRISTOPHER BURTON
Nevada Bar #12940
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
elham.roohani@usdoj.gov
christopher.burton4@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:16-cr-216-KJD-VCF |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S MOTION IN LIMINE REGARDING ADMISSIBILITY OF TRADE INSCRIPTIONS** |
| vs. ) | |
| LONNY JOSEPH DITIRRO, ) | |
| Defendant. ) | |

**CERTIFICATION:  This Motion is timely filed.**

The United States, by and through the undersigned, files this Motion in Limine seeking a pre-trial ruling that the trade inscriptions affixed to the Defendant's SD card are self-authenticating and admissible at trial.

//

//

//

//

## RELEVANT FACTUAL BACKGROUND

Rachel Saito, the ex-girlfriend of the Defendant found a 16GB SanDisk Micro Secure Digital Card (SD Card)[1] stuck to her leg while laying in bed. She put the SD Card into her phone and saw child pornography. The SD Card was turned into Las Vegas Metropolitan Police Department Officers, who impounded the SD card into evidence and notified Detective Shannon Tooley of their preliminary investigation. Detective Tooley sought and obtained a search warrant from State of Nevada Judge Diana Sullivan to seize and perform a full forensic examination on the SD card, for evidence of child pornography and proof of ownership of the SD card. Pursuant to the search warrant, Forensic Analyst Matt Trafford completed a forensic examination on the SD Card, which gave rise to the charges in this case.

During the trial of this case, the United States will seek to admit the SD Card that was made in China. The Defendant used the SD Card to produce and store the pornography that he produced. The SD Card contains 48 user-created folders that contain the names and ages of minor girls; within each folder are nude photographs of the girls. For the four charged live victims, there were videos created by the Defendant depicting the Defendant raping the minor girls, among other nude photos of the girls.

The Defendant was provided with notice and information regarding this item in Bates discovery on August 17, 2016 (Bates 1-100); August 22, 2016 (Bates 101-151); January 12, 2017 (Bates 152-848); January 17, 2017 (Bates 849-856); June 19,

---

[1] The Government notes that the SD Card is smaller than Government counsel's thumbnail, and trade inscriptions can be read more easily with magnification.

Page **2** of **11**

2018 (Bates 857-1758). Indeed, the SD card was the subject of the motion to suppress in this case. Moreover, current and former defense counsel and a defense investigator have made multiple trips to the FBI lab to view all of the evidence in this case, and more specifically the SD Card.

At trial, the United States must prove that the depictions of child pornography were "produced using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce."[2] The front of the SD Card bears the information regarding the manufacturer, and the black back of the SD card bears the inscription "MADE IN CHINA." Although defense counsel has been gracious in responding to the undersigned, defense counsel has indicated that the Defendant will not stipulate to any facts, non-controverted or otherwise. Accordingly, to avoid the expense of calling several out-of-state witnesses from the manufacturers of this item and to further streamline the presentation of evidence at trial, the United States will seek to offer this evidence pursuant to F.R.E. 902(7) and F.R.E. 807.

## **DISCUSSION**

Under the Federal Rules of Evidence, the possibility of fraud, forgery and misattribution of certain documents or items is so slight that the general

---

[2] *See* 18 U.S.C. § 2251(a). This alternative jurisdictional element was added to Section 2251(a) by the Protection of Children From Sexual Predators Act of 1998. Pub. L. 105-314, Title II, § 201, Oct. 30, 1998, 112 Stat. 2977; *see also United States v. Kapordelis*, 569 F.3d 1291, 1306 n.12 (11th Cir. 2009). The title of Section 201 of this Act, "Additional Jurisdictional Base for Prosecution of Production of Child Pornography," is descriptive and indicative of the congressional intent behind this amendment. The House of Representatives Report for the underlying bill noted that it "allows for the prosecution of pornography cases *where materials used to make child pornography were transported through interstate commerce*." H.R. Rep. 105-557, 10, 1998 U.S.C.C.A.N. 678 (emphasis added).

Page **3** of **11**

requirement of authentication by extrinsic evidence called for by F.R.E. 901 is dispensed with. *See United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982). Several types of documents and items have been specifically singled out from the requirement of authentication under F.R.E. 902. Under Rule 902, certain documents are considered "self-authenticating," in that extrinsic evidence of authenticity as a condition precedent to admissibility is not required. One class of items that are self-authenticating are "Trade inscriptions and the like. Inscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control, or origin." F.R.E. 902(7).

This exception to F.R.E. 901 has been recognized and applied by courts to the following items: **documents**, *see Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009) (holding that a document marked with a trade inscription indicating the source of origin of the document was self-authenticating under F.R.E. 902(7)); business letters and emails, *see Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 551-52 (D. Md. 2007) (holding that business emails containing identifying marks of company are self-authenticated), *Olson v. J.J. Marshall & Assoc.*, 2009 WL 3347420, 4 (E.D. Ky. Oct. 13, 2009) (unreported) (holding letters containing business letterhead were self-authenticating), and *Reitz v. City of Mt. Juliet*, 2009 WL 5170200, 5 (M.D. Tenn. Dec. 18, 2009) (holding letters written on company's letterhead were self-authenticating); **firearms**, *see United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992) (holding a manufacturer's inscription on a firearm was not subject to the hearsay rule and properly admitted as evidence that it had been manufactured in Spain); **markings on the opening frames of a news**

**broadcast**, *see L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935 (9th Cir. 2002) (holding that identifying slate that appeared on opening frames of videotape of news footage was self-authenticating under F.R.E. 902(7)); **tapes**, *see Fenton v. Sterling Plumbing Grp. Inc.*, 21 F.3d 1113, *3 n.2 (9th Cir. 1994) (holding tapes that carry company's logo were self-authenticating under F.R.E. 902(7)); **sporting goods**, *see Warrior Lacrosse, Inc. v. STX, L.L.C.*, 2006 WL 1420826, *4 (E.D. Mich. May 22, 2006) (unreported) (inscriptions on lacrosse heads were self-authenticating under F.R.E. 902(7)); **computers and flash drives**, *see ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods.*, 592 F. Supp. 2d 1208, 1219 (N.D. Cal. 2008) (holding inscriptions on computers were self-authenticating under F.R.E. 902(7) because computers were inscribed with manufacturer's trade name ("Macintosh Portable")); and *United States v. Koch*, 625 F.3d 470 (8th Cir. 2010) (rejecting claim that manufacturer's inscription on computer and flash drive were inadmissible hearsay). Other courts have admitted such information inscribed on products into evidence at trial: **tents**, *see Solano v. A Navas Party Prod. Inc.*, 2011 WL 98819, *14 (S.D. Fla. Jan. 12, 2011) (testimony about labels affixed to tents stating that they were manufactured in Indiana was admissible based on reliability and convenience); cameras, *see United States v. Fox*, 357 F. App'x 64, 65 (9th Cir. 2009) (introducing cameras' country-of-origin labels, that indicated that they were manufactured overseas, sufficed to prove that the cameras moved in foreign commerce); **cellular telephones and memory cards**, *see United States v. Scott*, 2014 WL 2808802, 4 (E.D. Va. Jun. 20, 2014) (holding that "Made in China" and "Made in Korea" inscriptions on cellphones and a memory card were self-authenticating under F.R.E.

902(7), were not hearsay statements, and were admissible). Indeed, because trade inscriptions are simply a part of the physical evidence in the case (i.e. the SD Card itself) they do not fall within the meaning of "statement" under F.R.E. 801. *See Alvarez*, 972 F.2d at 1004 ("[T]he evidence consisting of a manufacturer's inscription on a firearm is not an assertion subject to the hearsay rule."); and *United States v. Gutierrez*, 625 F. App'x 888, 895-96 (10th Cir. 2015) (in child pornography production case, cellular telephones and digital cameras stamped "made in China" were properly admitted into evidence; manufacturer's markings were not hearsay and were not testimonial in nature).

Moreover, the Government does not have to prove that the Defendant personally transported the material across a state line, or that the defendant knew that it had previously crossed a state line. *See United States v. Guagliardo*, 278 F.3d 868, 870 (9th Cir. 2002) (upholding conviction where jurisdiction was premised on the defendant having copied child pornography onto computer disks that had been made overseas). The United States can satisfy this jurisdictional requirement by showing that the defendant possessed, copied, or downloaded images onto a computer or other form of electronic media that was not produced in the state of Nevada. *United States v. Pattee*, 820 F.3d 496, 511 (2d Cir. 2016), cert. denied ("We agree with our sister circuits . . . that Congress did not limit the 'production' of child pornography as prohibited by § 2251(a) to the moment of recording, and that 'production' can encompass embodying the images or video in digital media, such as a hard drive or disk."); *United States v. Schene*, 543 F.3d 627, 639 (10th Cir. 2008) ("each 'image of child pornography' had been copied or downloaded to Schene's hard

drive in one capacity or another, and was therefore 'produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce'" within the meaning of 18 U.S.C. § 2252A(a)(5)(B)); *Guagliardo*, 278 F.3d at 871 (upholding conviction where jurisdiction was premised on the defendant having copied child pornography onto computer disks that had been made overseas, holding that the defendant "'produced' images of child pornography with materials from foreign commerce when he copied the images onto the disks") (citing *United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997), and *United States v. Angle*, 234 F.3d 326, 341 (7th Cir. 2000)). *Cf. United States v. Ramos*, 685 F.3d 120, 133 (2d Cir. 2012) (agreeing with *Schene* and similar cases, and holding that where defendant created morphed child pornography in his home, with no evidence the images ever traveled, or were meant to be distributed, in interstate commerce, interstate nexus was nevertheless satisfied as "that the act of using computer equipment manufactured outside the United States to produce child pornography meets the jurisdictional requirement of § 2252A(a)(5)(B).").

Assuming *arguendo* that the inscriptions on the SD Card are hearsay, they are nonetheless properly admissible under the "residual exception" to the rule against hearsay in F.R.E. 807(a). To be sure, the inscriptions have "equivalent circumstantial guarantees of trustworthiness," will be "offered as evidence of a material fact," are "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," and "admitting it will best serve the purposes of these rules and the interests of justice." F.R.E. 807(a). In this case, these four requirements are satisfied. *See Scott*, 2014 WL

2808802 at 4 (holding that "Made in China" and "Made in Korea" inscriptions on cellphones and a memory card were also admissible under Rule 807).

Other well-reasoned decisions in recent child pornography cases are in accord. *See United States v. Burdulis*, 753 F.3d 255, 263 (1st Cir. 2014) (in child pornography case, court determined that "Made in China" inscription on thumb drive was self-authenticating under F.R.E. 902(7) and admissible under F.R.E. 807; court noted that "[c]ommon sense, too, suggests a low probability that someone would stamp "Made in China" on a device made in the United States and presumably marketed here"); and *United States v. Saguil*, 600 F. App'x 945, 946-47 (5th Cir. 2015) (in child pornography production case, court determined that manufacturer's inscription "Made in Japan" on a Sony video camera was properly admitted under F.R.E. 807).

In *United States v. Brown*, 2009 WL 2090193 (S.D. Ind. July 13, 2009), the district court dealt with this issue in a child pornography case. The prosecution moved *in limine* to admit a trade inscription on a computer hard drive that stated "Product of Malaysia." *Id.* at *10. The court granted the motion, finding that the trade inscription was self-authenticating, not hearsay, and simply part of the physical evidence in the case. *Id.* at *11. More recently in *Saguil*, 600 F. App'x 945, the Fifth Circuit, in a child pornography production case, found the manufacturer's inscription statement "Made in Japan" affixed to the bottom of a Sony video camera to be self-authenticating. The court noted that there was no abuse of discretion under a hearsay exception theory or a circumstantial physical evidence theory for admitting the inscription. *Id.* Under the residual exception to the hearsay rule, the inscription would be admissible. *Id.* On the other hand, the court noted that if the

inscription were circumstantial physical evidence then it would still be admissible because "the manufacturer's inscription would be sufficient to show the requisite nexus with interstate commerce." *Id.*

Once proper foundation is laid by the United States at trial as to the connection of the Defendant to the SD card, and the SD card to the five counts in the Superseding Indictment, the trade inscriptions thereon are directly relevant to 18 U.S.C. § 2251(a)'s element requiring that the visual depictions were produced or attempted to be produced "using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means." But for these trade inscriptions that conclusively prove country-of-origin, the United States would call representatives from the manufacturer at considerable expense and elicit evidence and testimony that this item was manufactured in a country other than the United States. However, pursuant to F.R.E. 902(7), F.R.E. 807, and the case authority set forth above, the trade inscriptions on the exterior of these items provide a sufficient basis for their admission without the necessity of extrinsic evidence of authenticity. Such procedure would save taxpayer funds, conserve prosecutorial and judicial resources, and would expedite the presentation of evidence at trial.

Accordingly, the United States seeks a pretrial ruling from the Court, preferably before calendar call in the event that the United States must arrange for international travel for a witness, that pursuant to F.R.E. 902(7) and F.R.E. 807, the trade inscriptions on defendant's SD Card are self-authenticating as to its origin of manufacture, that no additional extrinsic evidence of authenticity is necessary for

its admission into evidence at trial, and that the trade insignia does not constitute inadmissible hearsay.

Dated this 25th day of September, 2018.

                                          DAYLE ELIESON
                                          United States Attorney

                                                     //s//

                                          ELHAM ROOHANI
                                          CHRISTOPHER BURTON
                                          Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 25th day of September, 2018.

/ s /

ELHAM ROOHANI
Assistant United States Attorney