1 | DAYLE ELIESON
United States Attorney
2 | ELHAM ROOHANI
Nevada Bar No. 12080
3 | CHRISTOPHER BURTON
Nevada Bar No. 12940
4 | Assistant United States Attorneys
District of Nevada
5 | 501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
6 | (702) 388-6336
Elham.Roohani@usdoj.gov
7 | Christopher.Burton4@usdoj.gov

8 | *Representing the United States of America*

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11 | UNITED STATES OF AMERICA,

12 |               Plaintiff,          | Case No. 2:16-cr-00216-KJD-VCF

13 |        v.                          | **GOVERNMENT'S                    OMNIBUS MOTION *IN LIMINE* TO EXCLUDE AND       LIMIT       ARGUMENT, QUESTIONING, AND EVIDENCE AT TRIAL**

14 | LONNY JOSEPH DITIRRO, JR.,

15 |               Defendant.

16

17 |         The United States, by and through the undersigned, submits this timely filed

18 | Omnibus Motion *in Limine* to exclude the argument, questioning, or introduction of

19 | any evidence relating to: (1) any victim's purported consent or voluntary

20 | participation in sex acts or being photographed, (2) any victim's alleged statements

21 | to the Defendant regarding their age, and (3) any victim's alleged sexual behavior or

22 | sexual predisposition.

23

## **RELEVANT FACTUAL BACKGROUND**

Defendant Lonny Joseph Ditirro, Jr. is charged in a Superseding Indictment (ECF 80) with four counts of sexually exploiting children by producing child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(A)(a)(5)(B). The first four counts relate to distinct identified victims, R.B., C.A., S.M., and T.H. The fifth possession count relates to the 44 other child pornography victim's images, which the Defendant catalogued by name and age, and the innumerable others he catalogued in a catch-all folder. This motion relates to the first four counts charging the Defendant with producing child pornography depicting the identified victims. The United States has not been provided any reciprocal discovery in this case. Based on the Defendant's *pro se* filing, ECF No. 48, the Government has reason to believe that the Defendant may improperly assert that (1) the victims consented or voluntary participated in sex acts or agreed to being photographed, (2) the victims told the Defendant they were older than they were, and (3) that the victims had engaged in sexual behavior before or after he victimized them. In anticipation of these improper arguments, the Government files this omnibus motion.

## **ARGUMENT**

Evidence that is not relevant is not admissible. FED. R. EVID. 402. Evidence is relevant only if it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of

1    Evidence, relevant evidence may be excluded if its probative value is substantially

2    outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

3    the jury. FED. R. EVID. 403.

4          The court must conduct a jury trial so that inadmissible evidence is not

5    suggested to the jury by any means. FED. R. EVID. 103(d). Trial judges also have

6    "wide latitude" to restrict cross-examination of witnesses for reasons beyond those

7    outlined in Rule 403, including "concerns about, among other things, harassment,

8    prejudice, confusion of the issues, the witness' safety, or interrogation that is

9    repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679

10   (1986). "Where the evidence is of very slight (if any) probative value, it's an abuse of

11   discretion to admit it if there's even a modest likelihood of unfair prejudice or a small

12   risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

13   Unfairly prejudicial evidence is evidence that has "an undue tendency to suggest

14   decision on an improper basis, commonly, though not necessarily, an emotional one."

15   *Old Chief v. United States,* 519 U.S. 172, 180 (1997) (quoting Advisory Committee's

16   Notes on FED. R. EVID. 403).

17   I.   **Evidence of any victim's consent to have sex with the Defendant
          and send photographs to the Defendant is inadmissible.**

18

19         Evidence that a minor victim consented to have sex with the Defendant has

20   no consequence in the determination of the Defendant's guilt under 18 U.S.C. §

21   2251(a) for sexual exploitation of children and, therefore, is not relevant. The idea

22   that a child can consent to sexual exploitation is not a legal defense to a charge of

23   producing child pornography. The statutory elements of 18 U.S.C. § 2251(a) do not

3

require that a child's exploitation be non-consensual. *See* 18 U.S.C. § 2251(a); *see also United States v. Laursen*, 847 F.3d 1026, 1033 (9th Cir. 2017) ("Congress may legitimately conclude that even a willing or deceitful minor is entitled to governmental protection from self-destructive decisions that would expose him or her to the harms of child pornography.") (quoting *United States v. Fletcher*, 634 F.3d 395, 403 (7th Cir. 2011))).

Additionally, even if sexual acts between a defendant and a minor arguably could have been consensual, the defendant still may not assert the consent of a victim as a defense to the crime of producing child pornography. *See Laursen*, 847 F.3d at 1036, ("The fact that [the Defendant's] sexual relationship with [the victim] was legal under [state] law did not legitimize the production and possession of child pornography under state or federal law."); *see also United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008) ("[T]he district court properly concluded consent was not a defense and . . . [the victim's] willingness to engage in acts was irrelevant."); *Ortiz-Graulau v. United States*, 756 F.3d 12, 21 (1st Cir. 2014) (concluding that the consensual nature of the relationship was irrelevant); *United States v. Sibley*, 681 F. App'x 457 (6th Cir. 2017) ("[The victim's] consent is irrelevant to the question whether [the Defendant] used her for the purposes of 18 U.S.C. § 2251(a)."). Indeed, even if the victim took the photographs herself at the request of the Defendant, this "minimum engag[ement] of active conduct" is enough to sustain a conviction under 18 U.S.C. § 2251(a). *Laursen*, 847 F.3d at 1033.

Aside from the Defendant's delusions of grandeur, there is no evidence whatsoever to suggest that he was in a legal, consensual, legitimate sexual relationship with the minor victims. Nor could the minor victims consent to being victims of the production of child pornography. *Id*.

Even if the Court determines that evidence of a victim's consent to have sex with Defendant is somehow relevant against the weight of authority, the evidence is still inadmissible under Rule 403. Allowing this evidence unfairly shifts the burden to the victims to prove their innocence and purity. This would confuse the issues and mislead the jury. Moreover, it causes undue unfair prejudice by implying the victims are at fault for their own sexual victimization by the Defendant.

Therefore, the Court should preclude the Defendant from arguing, questioning, or introducing any evidence that suggests any victim consented to the sexual activities or the production of sexual photographs because such evidence is inconsequential to the Defendant's guilt and therefore irrelevant.

## II.   <u>Evidence of the Defendant's alleged mistaken belief that the victims were older than they were is inadmissible.</u>

The minor victims' ages at the time the Defendant used them in depiction of child pornography is a strict liability element to a charge under 18 U.S.C. 2251(a). *United States v. U.S. Dist. Court for Cent. Dist. of Cal.*, 858 F.2d 534, 537-38 (9th Cir. 1988); *see also United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 n.5 (1994) (noting that a conviction under 18 U.S.C. 2251 does not require proof the defendant knew or had knowledge of age). The Defendant's knowledge that the victims were minors is not an element of the crime, and therefore irrelevant to the jury's

1   determination. 18 U.S.C. § 2251(a); *See also U.S. Dist. Court for Cent. Dist. of Cal.*,

2   858 F.2d at 538 ("The defendant's awareness of the subject's minority is not an

3   element of the offense.").

4         Further, the Government anticipates the Defendant will attempt to present

5   evidence and argument that he thought the minors were 16 years old at the time of

6   the production. However, even if the Defendant thought his sexual relationship with

7   a child victim was legal under state law, that would still not legitimize the

8   production and possession of child pornography under federal law. *Laursen*, 847 F.3d

9   at 1036. In *Laursen*, a 45 year old man produced and possessed child pornography

10   of a 16 year old girl victim. *Id.* at 1029. The Defendant argued his prosecution under

11   § 2251(a) should be precluded because the photographs were produced and possessed

12   in the context of their consensual, legal relationship under Washington state law.

13   *Id.* The Ninth Circuit specifically rejected this notion and held that a legal sexual

14   relationship under state law "did not legitimize the production and possession of

15   child pornography under state or federal law." *Id.* at 1036.

16         The evidence in discovery also directly refutes the Defendant's unsupported

17   assertion that he thought the girls were 16 years old. In fact, the folder names the

18   Defendant created is *prima facie* evidence that the Defendant very well knew exactly

19   how old his minor victims were. But in any event, any argument, questioning, or

20   introduction of any evidence that suggests the Defendant believed any of his victims

21   to be 16 years old is irrelevant.

22

23

1    While the age of sixteen might be the legal age to consent to sex under Nevada

2    law, the age of sixteen is still the age of minority for the purposes of 18 U.S.C. §

3    2251(a). Moreover, the Defendant's acts of producing child pornography are illegal

4    under federal *and* Nevada state law. The Defendant's letter to the Court in ECF 48,

5    clearly demonstrates his guilt because he knew his victims were under 18 years of

6    age at the time he sexually exploited them. Just as the Ninth Circuit held in *Laursen*,

7    a legal sexual relationship has no bearing on the legality of the production and

8    possession of child pornography. Therefore, this Court should find that the

9    Defendant's mere mistaken legal sexual relationship is also inconsequential to his

10   guilt in the production and possession of child pornography, even if it were to be

11   believed. The Court should exclude any mention of mistake of age.[1]

12   **III.    Any argument, questioning, or evidence relating to any victim's**
         **sexual history, conduct, and predisposition from before or after**
13       **the acts in this case are inadmissible.**

14

15   "Rule 412 of the Federal Rules of Evidence forbids the admission of evidence

16   of an alleged victim's sexual behavior or sexual predisposition in all civil or criminal

17   proceedings involving alleged sexual misconduct except under limited

18   circumstances." *Laursen*, 847 F.3d at 1035 (quoting reference omitted). In short, a

19   defendant may not introduce evidence of a victim's past sexual behavior other than

20   _____

21   [1]    Under facts not even remotely applicable here, the Ninth Circuit has held that
     only in "rare cases" may a defendant raise the "very narrow" affirmative defense of
     having a reasonable mistake as to the victim's age of minority. *United States v. U.S.*
22   *Dist. Court for Cent. Dist. of Cal.*, 858 F.2d 534, 543 (9th Cir. 1988). The Court should
     not allow this defense absent a pre-trial proffer by the Defendant regarding its
23   applicability.

1    the offense charged. *Id.* In doing so, Rule 412 "aims to safeguard the . . . victim

2    against the invasion of privacy, potential embarrassment and sexual stereotyping

3    that is associated with public disclosure of intimate sexual details and the infusion

4    of sexual innuendo into the fact finding process." Advisory Committee's Notes on

5    Fed. R. Evid. 412. Furthermore, the Rule has a notice requirement, which requires

6    the proffering party to file a motion at least 14 days before trial and give the

7    opposing party *and the victim* an opportunity to be heard. Fed. R. Evid. 412(c).

8          Additionally, Rule 608(b) precludes the use of extrinsic evidence of a witness's

9    prior conduct to attack the witness's character for truthfulness. Fed. R. Evid. 608(b);

10   *see also United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989). However, a

11   district court may, in its discretion, allow inquiry on specific matters probative of

12   the witness' truthfulness. Fed. R. Evid. 608(b). Whether prior conduct is probative

13   of a witness's truthfulness is a "strict test." *United States v. DeStefano*, No. 94 CR

14   116m 1995 WL 398763, *7 (N.D. Ill. June 29, 1995) (unpublished); *see also United

15   States v. Dickens*, 775 F.2d 1056, 1058 (9th Cir. 1985) (holding that association with

16   the "mob" could not be inquired upon as it was not probative of truthfulness). "The

17   types of acts which satisfy this strict test are forgery, bribery, suppression of

18   evidence, cheating, embezzlement, false pretenses, fraud, and perjury." *DeStefano*,

19   at *7; *see also United States v. Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978) (prior

20   acts which are the proper subject of cross-examination pursuant to Rule 608(b) are

21   those "which involve an element of deceit, untruthfulness, or falsification"). Many

22

23

acts will not pass the test; for example, "acts involving force, intimidation, or based on malum prohibitum do not and should be excluded." *DeStefano*, at \*7.

However, passing this "strict test" alone is not sufficient to make evidence of a prior act admissible for purposes of impeachment. Even if the nature of a prior act does concern a witness's truthfulness under Rule 608(b), its probative value must not be outweighed by its unfairly prejudicial effect, as provided for in Rule 403. *See also*, *United States v. Devery*, 935 F. Supp. 393, 407 (S.D.N.Y. 1996). This Rule seeks to ensure that the probative value of any character evidence introduced against a witness is high and to limit the prejudicial dangers inherent in its use. *See* J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE 608-11 (1996).

Any prior or subsequent sexual history involving the four minor victims in this case are entirely inadmissible under Rule 412 and 608. The Defendant has not provided adequate notice under Rule 412 (trial is now less than 14 days away), and the victims have not had an opportunity to be heard. Moreover, any questioning about their prior or subsequent sexual history is inadmissible as impeachment under Rule 608 because their prior or subsequent sexual history would not concern truthfulness. Finally, even if the Defendant could clear the hurdle of Rules 412 and 608, any questioning of how the girls were victimized prior to or after they were victimized by the Defendant is entirely irrelevant and does not tend to prove any fact of consequence.

Therefore, the Court should preclude any questioning about the victims' sexual history outside the scope of this case and this Defendant.

1

## **CONCLUSION**

2        Based on the foregoing, the Government respectfully requests its Motion be

3    GRANTED   and   the   Defendant   be   precluded   from   arguing,   questioning,   or

4    introducing any evidence that suggests that the victims consented to have sex with

5    or send pornographic photographs to the Defendant, that the Defendant believed he

6    was in a legal sexual relationship with the victims, or concerning the sexual histories

7    of any of the victims.

8    **DATED** this 3rd day of October, 2018.

9                                               Respectfully,

10                                              DAYLE ELIESON
                                                United States Attorney

11

12                                                   / s /
                                                _____

13                                              ELHAM ROOHANI
                                                CHRISTOPHER BURTON
                                                   Assistant United States Attorneys

14

15

16

17

18

19

20

21

22

23

1

## **<u>CERTIFICATE OF SERVICE</u>**

2      I certify that I am an employee of the United States Attorney's Office.  A copy

3  of the foregoing was served upon counsel of record, via Electronic Case Filing (ECF).

4      **DATED** this 3rd day of October, 2018.

5

6                                         / s /

7                                         _____
                                          ELHAM ROOHANI

8                                         Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23