UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LONNY JOSEPH DITIRRO,<br><br>Defendant. | Case No. 2:16-cr-216-KJD-VCF<br><br>**ORDER** |

Before the Court is the Government's Omnibus Motion in Limine to Exclude and Limit Argument, Questioning, and Evidence at Trial (#99) to which Mr. Ditirro responded (#102).

**I.     Background**

On June 10, 2016, the Government charged Mr. Ditirro with one count of possession of child pornography by criminal complaint (#1). On July 19, 2016, the Government indicted Mr. Ditirro for the original possession charge and added one count of sexual exploitation of children under 18 U.S.C. § 2251(a) (#13). During the Government's subsequent investigation of Mr. Ditirro, it superseded the original indictment and charged him with the original possession count and four counts of sexual exploitation of a minor (#80). The Government now moves to exclude the following: (1) evidence that any of the four victims consented or voluntarily participated in sex acts with Mr. Ditirro; (2) evidence that the victims misled Mr. Ditirro as to their actual age; and (3) evidence that the victims engaged in other sexual activity before or after their encounters with Mr. Ditirro.

**II.    Legal Standard**

A party may move in limine to exclude anticipated prejudicial evidence before or during trial. Luce v. United States, 469 U.S. 38, 40 n.2 (1984). Judges have broad discretion when ruling on these motions. See United States v. Castillo, 615 F.2d 878, 886 (9th Cir. 1980). And

these evidentiary rulings should be deferred until trial so that the Court has context to address questions of foundation, relevancy, and potential prejudice. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because the Court is "almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

### III. Analysis

The Government argues that Mr. Ditirro should not be permitted to present evidence of: (1) the victims' purported consent to their sexual encounters with Mr. Ditirro; (2) the victims' representations to Mr. Ditirro regarding their ages at the time of those encounters; and (3) the victims' sexual history and predisposition to engage in sexual behavior. Mr. Ditirro counters with two arguments. First, he contends that granting the Government's motion would effectively eliminate his defense leaving Mr. Ditirro to "serve himself up to the jury on a carving board to be devoured down to his very bones." Second, he argues that he is entitled to leeway to question the victims regarding their relationship with Mr. Ditirro and to explore a possible defense based on his good-faith belief that his victims were over eighteen years old. The Court addresses each of the Government's requests in turn.

#### A. The Victims' Alleged Consent

The Government first argues that any evidence that Mr. Ditirro's victims consented to sex with him is irrelevant and therefore inadmissible. Alternatively, even if there was consent to a sexual relationship, the Government contends, the victims were minors and unable to legally consent to producing child pornography. The Court agrees.

To be admissible, evidence must be relevant. Fed. R. Evid. 402. Relevant evidence is any evidence that tends to (1) make a fact more or less probable than without that evidence; and (2) that fact is of consequence to determining the action. Fed. R. Evid. 401. Rule 403 limits relevant evidence and excludes evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Rule 403 creates a balance wherein the degree of probative value is weighed against potential unfair prejudice. It follows that relevant evidence with slight probative value requires a lesser risk of unfair prejudice to warrant exclusion. See

United States v. Hill, 981 F.2d 422, 424 (9th Cir. 1992).

Evidence that these victims consented to a sexual relationship with Mr. Ditirro is not relevant to determine whether he exploited them under 18 U.S.C. § 2251(a). The fact that a sexual relationship is legal under state law does not authorize the production or possession of child pornography. United States v. Laursen, 847 F.3d 1026, 1036 (9th Cir. 2017). Despite the state allowing a minor to consent[1] to a sexual relationship, Congress retains the authority to protect their sensitive interests. It follows that the government may protect even a willing minor from "self-destructive" or exploitative decisions that would "expose him or her to the harms of child pornography." Id. at 1033. Other circuits agree that a minor's consent to sexual intercourse is not a defense to production and possession of child pornography. See Ortiz-Graulau v. United States, 756 F.3d 12, 21–22 (1st Cir. 2014) (minor's willingness to engage in a sexual relationship did not legitimize the sexually explicit photos of the victim); United States v. Street, 531 F.3d 703, 708–09 (8th Cir. 2008) (district court "properly concluded consent was not a defense" to sexual exploitation of a minor).

In short, while state law may allow a minor to consent to sex, she cannot consent to producing pornographic images or videos. And her valid consent to sexual activity is not relevant to determining whether Mr. Ditirro sexually exploited her under the statute. Accordingly, the Court grants the Government's motion with respect to the victims' alleged consent.

### B. Mr. Ditirro's Belief of the Victims' Ages

Next, the Government seeks to exclude evidence of Mr. Ditirro's alleged mistaken belief that the victims were eighteen years old. Mr. Ditirro counters that this evidence is admissible under the reasonable mistake of age affirmative defense. This defense arises out of the balance between First Amendment speech protection and protecting the wellbeing of minors. See United States v. U.S. Dist. Ct. for Cent. Dist. of Cal., 858 F.2d 534, 542 (9th Cir. 1988). However, the defense sets a high bar for relief.

Mr. Ditirro must demonstrate by clear and convincing evidence that he did not know the victims' ages and that he could not have reasonably learned that they were minors. Id. at 543. In

---

[1] The statutory age of consent in Nevada is sixteen. See NRS § 200.364(10).

1  United States v. U.S. Dist. Ct., the defendants—members of a professional film-production
2  company—cast a sixteen-year-old actress in a film that depicted her engaged in sexually explicit
3  conduct. Id. at 536. The defendants were under the impression that the actress was an adult. Id.
4  In fact, the actress went to great lengths to conceal her minority including falsifying California
5  photo identification and other official documents to misrepresent her age. Id. at 540. In addition,
6  the minor had previously appeared in various "mass-market" pornographic magazines and other
7  X-rated films, which lent additional legitimacy to her claim of majority. Id.

The Court determined that imposing strict liability on these defendants could chill otherwise protected speech because the risk of violating the statute would be too great to produce such media.[2] To avoid a "fatal collision with the First Amendment," the Court allowed the defendants to present evidence that despite reasonable efforts, they were unable to ascertain the minor's actual age. Id. at 543. In doing so, it recognized that "cases like [that] one, where the actress allegedly engaged in a deliberate and successful effort to deceive the entire industry, are likely to be exceedingly rare." Id. at 543. As a result, a defendant has the burden of showing by clear and convincing evidence that he did not know the victim was underage and that he could not have reasonably learned of the victim's minority. Id.

Mr. Ditirro has not yet provided what evidence he intends to introduce to pursue this defense. Accordingly, an offer of proof is needed before the Court can determine whether Mr. Ditirro may introduce evidence that he reasonably misunderstood the victims' ages. The Court has discretion to determine whether a defendant has produced sufficient evidence to proceed with its defense. See United States v. Boulware, 558 F.3d 971, 974 (9th Cir. 2009) ("trial court may preclude a defense theory where 'the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense'"). Therefore, the Court denies the Government's motion on this issue without prejudice, pending an offer of proof.

**C. Victims' Sexual History, Conduct, and Predisposition**

Finally, the Government asks the Court to exclude any evidence of the victims' sexual

---

[2] At the time, the defendants were facing up to ten years in prison and a $100,000 for each count. United States v. U.S. Dist. Ct., 858 F.2d 534, 540 (9th Cir. 1988).

history, conduct, and predisposition. Mr. Ditirro does not directly dispute this. Federal Rule of Evidence 412 governs the admissibility of evidence in sex-offense cases. Rule 412(c) details the procedure to determine whether evidence of a victim's prior sexual history is admissible. If a party intends to introduce such evidence, it must file a motion and describe the potential evidence and how the party intends to use that evidence at least fourteen days before trial.[3] The party must then serve the motion and notify the victim. Fed. R. Evid. 412. The Court would then hold a hearing giving both the defendant and victim the opportunity to be heard. Id.

Here, Mr. Ditirro has not moved for such a hearing under Rule 412 and therefore may not introduce this evidence. Trial is scheduled to begin on October 15, 2018. Mr. Ditirro filed his opposition the Government's motion in limine on October 8, 2018. To date, he has not requested a 412 hearing to determine the admissibility of the victims' prior sexual history, conduct, or predisposition. As a result, the Court has not reviewed this potential evidence nor have the victims had the opportunity to be heard that the rule affords them. Therefore, the Court grants the Government's motion in limine as to evidence of the victims' sexual history, conduct, and predisposition before or after Mr. Ditirro's actions in this case.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Government's Omnibus Motion in Limine to Exclude and Limit Argument, Questioning, and Evidence at Trial (#99) is **GRANTED** in part and **DENIED** in part;

IT IS FURTHER ORDERED that the Court **GRANTS** the motion as to the issue of the victims' alleged consent as well as to the issue of any victim's sexual history, conduct, or predisposition;

///

///

///

///

---

[3] The rule allows a good cause exception to the fourteen-day requirement. Mr. Ditirro has not moved the Court for an extension nor does the Court find good cause to extend that deadline. Fed. R. Evid. 412(c).

IT IS FURTHER ORDERED that the Court **DENIES WITHOUT PREJUDICE** the motion as to the issue of whether Mr. Ditirro may present evidence to support a defense of good-faith mistake of age pending an offer of proof.

Dated this 11th day of October, 2018.

_____
Kent J. Dawson
United States District Judge