**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> LONNY JOSEPH DITIRRO, Jr., <br><br> Defendant-Appellant. | No.  19-10163 <br> 19-10250 <br><br> D.C. No. <br> 2:16-cr-00216-KJD-VCF-1 <br><br><br> MEMORANDUM* |

On Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted February 1, 2021**
San Francisco, California

Before:  IKUTA and NGUYEN, Circuit Judges, and EATON,*** Judge.

Lonny Joseph Ditirro, Jr. appeals his convictions following a jury trial on four counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e), and one count of possession of child pornography in violation of 18 U.S.C.

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*   Richard K. Eaton, Judge for the United States Court of International Trade, sitting by designation.

§ 2252A(a)(5)(B) and (b)(2). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Ditirro argues that the district court erred in denying his motion to suppress photo and video evidence obtained from an SD card. We review the district court's ruling on a motion to suppress de novo, *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007), and give "great deference" to the issuing judge's finding of probable cause, which we review for clear error, *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013).

Because police officers' initial search of Ditirro's SD card exceeded the scope of previous searches by private individuals, the officers conducted a warrantless search that presumptively violated the Fourth Amendment. *United States v. Jacobsen*, 466 U.S. 109, 117 (1984) ("The Fourth Amendment is implicated only if the authorities use information with respect to which the expectation of privacy has not already been frustrated."). The district court therefore correctly excised any reference to the initial search from the probable cause affidavit used to obtain a search warrant for the SD card.

Once the tainted evidence was properly excised, the district court had to "determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant." *United States v. Vasey*, 834 F.2d 782, 788 (9th Cir. 1987). It properly found that the remaining evidence in the

2

affidavit—which includes first-person accounts attesting to the existence of child pornography on the SD card—provided ample probable cause that evidence of child pornography or exploitation would be found on the SD card.  *See Underwood*, 725 F.3d at 1081.[1]

    2.    Ditirro also argues that all statements from his interrogation should have been suppressed because he repeatedly requested to speak with an attorney during the interrogation and was ignored in violation of his Fifth Amendment rights.  Ditirro makes this argument for the first time on appeal.  "'[A] theory for suppression not advanced in district court cannot be raised for the first time on appeal' absent a showing of good cause."  *United States v. Guerrero*, 921 F.3d 895, 897 (9th Cir. 2019) (quoting *United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004)); *id.* at 898 ("Rule 12(c)(3)'s good-cause standard continues to apply when . . . the defendant attempts to raise new theories on appeal in support of a motion to suppress.").  Ditirro fails to show good cause.  The magistrate judge specifically noted that Ditirro had not raised any claims under the Fifth Amendment in his motion to suppress, yet Ditirro still failed to raise the argument before the district court.

    **AFFIRMED.**

---

[1]     Because probable cause existed, we do not address the government's alternative argument that the SD card evidence is admissible under the exceptions to the exclusionary rule.